UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WINDSOR NYCKLASS, | ) | CASE NO. 4:23-cv-2166 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| WARDEN I. HEALY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

Petitioner Windsor Nycklass, a federal prisoner in FCI-Elkton, filed the above-captioned *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He contends that the Bureau of Prisons ("BOP") will not allow him to apply time credits earned under the First Step Act because he is under a final order of removal. He asks this Court to order the BOP to apply the earned time credits to his sentence and expedite his removal.

Petitioner was born in Haiti and immigrated to the United States at the age of three. He was granted lawful permanent resident status in 2001. In 2021, he was indicted in the United States District Court for the Northern District of West Virginia for conspiracy to commit wire fraud. He was convicted and sentenced to thirty-six months in prison on February 7, 2022. He asserts four claims in his Habeas Petition: (1) the BOP has unlawfully refused to apply time credits toward expedited removal under 18 U.S.C. § 3632(d)(4)(E)(2); (2) elimination of earned time credits violates the Due Process Clause; (3) refusal to apply time credits violates the Equal Protection Clause; and (4) the BOP's actions violate the Administrative Procedures Act.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the

district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under § 2243).

The First Step Act of 2018 established a system where eligible inmates can participate in evidence-based recidivism reduction programs to earn time credits toward their sentences. Under the program, an eligible prisoner "shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). Eligible prisoners assessed by the BOP as having a low risk for recidivism can earn an additional five days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities if their risk of recidivism has not increased over two consecutive assessments. 18 U.S.C. § 3632(d)(4)(A)(ii).

Not all prisoners can earn credits or apply credits under the First Step Act. The statute lists 68 crimes of conviction, which make a prisoner ineligible to earn credits. 18 U.S.C. § 3632(d)(4)(D). The statute also specifically states that prisoners subject to "a final order of

removal under any provision of the immigration laws," are ineligible to apply the earned time credits. 18 U.S.C. § 3632(d)(4)(E)(i). Because Petitioner is subject to a final order of removal, he is ineligible under the plain language of the First Step Act to apply time credits. Moreover, the statute specifically exempts decisions under the First Step Act from the Administrative Procedures Act. 18 U.S.C. § 3625. His claims for relief are without merit.

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: February 15, 2024